IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-1150-RBJ
_____

**SARAH REITER**

     **Plaintiff,**

**v.**

**THE CLASSICAL ACADEMY, A COLORADO CHARTER SCHOOL**

     **Defendant.**
_____

## RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
_____

Defendant **The Classical Academy ("TCA"),** by and through its attorneys, hereby responds to Plaintiff's First Set of Requests for Admission, Interrogatories and Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Defendant has not completed its factual and legal investigation. Discovery is ongoing in this matter. As such, Defendant expressly reserves its right to continue discovery and investigation. If additional information is discovered Defendant shall supplement its responses to Plaintiff's Discovery Requests.

2. The General and Specific objections do not preclude Defendant from later relying on information, discovered pursuant to subsequent investigation or discovery, which, if known at the time, may have been included in these objections. Nothing in these

EXHIBIT

C

objections is intended to preclude Defendant from answering the discovery requests in compliance with, and at the times specified by, the Federal Rules of Civil Procedure.

3. To the extent that the discovery requests posed by Plaintiff exceed the requirements and scope of the Federal Rules of Civil Procedure, Defendant objects.

4. Defendant objects to Plaintiff's discovery requests to the extent that they incorporate or set forth definitions and instructions that attempt to impose upon Defendant burdens and obligations beyond those contemplated by the Federal Rules of Civil Procedure. Defendant will respond as required by the applicable provisions of the Federal Rules of Civil Procedure and any purported instructions, definitions, requirements, or requests to the contrary will be disregarded.

5. To the extent that Plaintiff's discovery is inconsistent with and exceeds the cost-benefit and proportionality factors as set forth in F.R.C.P. 26(b)(2)(F), Defendant objects.

6. To the extent Plaintiff's discovery requests are vague, unduly burdensome, overly broad, and not limited in time or scope, Defendant objects.

7. To the extent Plaintiff's discovery requests seek information protected by the attorney-client or work-product privileges, Defendant objects.

8. Defendant hereby incorporates by reference, as if fully stated, the foregoing objections in the responses to each discovery request.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1.** Admit that TCA's Charter School Contract confirms TCA's responsibility for complying with the provisions of Section 504 of the Rehabilitation Act of 1973 as to students with disabilities who qualify for protections thereunder.

**RESPONSE**:  Defendant objects to this Request for Admission on the ground that "requests for admissions of law which are related to the facts of the case are considered to be inappropriate."  *Cunningham v. Standard Fire Ins. Co.,* No. CIV.A.07-CV-02538-RE, 2008 WL 2247860, *3 (D. Colo. May 29, 2008).   Subject to and without waiving this objection and the General Objections, and to the extent this Request is not objectionable, Defendant states as follows: Admitted (copy of 2017-2018 TCA Charter Contract attached bates labeled as TCA 000125 – TCA 000201).

**Request for Admission No. 2.** Admit that TCA is principally engaged in the business of providing education to students.

**RESPONSE**: **Admitted**.

**Request for Admission No. 3.** Admit that TCA receives federal financial assistance.

**RESPONSE**: **Admitted**.

### INTERROGATORIES

**Interrogatory No. 1.** Why was Sarah Reiter's contract with TCA not renewed for the 2018-2019 school year? Please identify every reason for TCA's decision to not renew Ms. Reiter's contract.

**RESPONSE**: **Defendant objects to this interrogatory to the extent that it is a contention interrogatory, which seeks legal opinions about Defendant's defenses before Defendant has had a full opportunity to engage in adequate investigation and discovery into facts of the case.  Therefore, this interrogatory is premature.**  *See Contention Interrogatories in Federal*

3

*Court*, 148 F.R.D. 441 (1993); *Fisher and Porter Company v. Tolson*, 143 F.R.D. 1993 (E.D. Pa 1992); and *In Re: Convergent Technologies Securities Litigation*, 108 F.R.D. 329 (N.D. Cal 1985). Without waiving any objection, Defendant states that Ms. Reiter did not have a contract with TCA. Ms. Reiter was not asked to return for the 2018-2019 school year for numerous reasons including, but not limited to, the following:

• During her employment with TCA she rarely expressed anything positive about TCA;

• She was extremely critical of the Elementary Leadership Team (many with over 15 years of service);

• She was critical of what she described as "non-qualified" teachers at TCA; and continued to be critical of TCA teachers even after she was corrected/redirected;

• She was critical of our curriculum choices (e.g. Spalding for reading, which is now only one of a handful of recently approved reading curriculums in the state of Colorado) despite the fact that TCA is a top-performing school in the state of CO;

• Critical of whole classroom instruction;

• Called our Response to Intervention "fake RtI" and refused to use the Response to Intervention manual that is authorized by TCA despite being instructed to do so (2017-2018 RtI Manual attached bates labeled as TCA 000206-000222). She also instructed her teachers not to use it;

• Stated on multiple occasions we were punishing kids by our curriculum choices such as by continuing to use the Spalding reading curriculum;

• She did not agree with our philosophical approach to education and it was apparent in her consistent comments, actions, and attitude;

4

- After a year in the assistant principal role it was apparent that she could not work effectively in the leadership team for the elementary schools; her attitude was divisive;

- September 11, 2017 – Ms. Reiter made derogatory comments to 5th grade teaching team that required intervention by senior administration to prevent a management crisis in the school;

- Negative interaction with HR staff in January, 2018;

- April 9, 2018 – Despite being in charge of administering testing, Ms. Reiter was not on campus during state testing administration because she was interviewing for another job (and had not told the School Assessment Coordinator from TCA where she was), which contributed to multiple mis-administrations. Rather than take responsibility for her poor decision, she again claimed that TCA's inept teachers were at fault;

- She let multiple individuals know that she intended to leave TCA and was interviewing for other jobs;

- April, 2018 – Disparaged the outgoing principal, Don Stump, in front of District leaders at a meeting by referring to him as a "little old man;"

- April, 2018 – Unprofessional outburst with incoming principal, Jody Peterson, was final straw and not indicative of a leader at TCA;

- A leader, who was in such disagreement over the philosophical approach of the school, while receiving beyond the normal level of explanation for processes and curriculum choices, from her leadership team on why things were done the way they are in our charter school – ultimately extensively damaged the ability of the school to move forward under her guidance;

• **The demonstrated inability to work effectively within her leadership team after one year led to her non-renewal.**

**Interrogatory No. 2.** Please identify the final decision maker in the decision to not renew Ms. Reiter's employment contract, as well as each person who made or participated in the decision to not renew Ms. Reiter's employment contract. For each person identified please describe his/her participation in the decision-making process and the reasons for that person's position concerning the non-renewal of Ms. Reiter's employment contract. For example, please describe whether the person identified was the final decision maker, voted in favor of non-renewal, recommended that Ms. Reiter's contract not be renewed, or played some other part in the decision-making process.

**RESPONSE**: **Defendant objects to this interrogatory as vague and ambiguous as to the term "participated," and "played some other part" which are not defined, clarified or explained. Defendants further object to this interrogatory as overly broad to the extent it seeks identities of anyone who may have communicated about Ms. Reiter's employment. Defendants further object to this interrogatory insofar as it seeks information protected by the attorney-client and work-product privileges. Without waiving any objections, Defendant responds that Ms. Reiter did not have a contract with TCA. Wesley Jolly, Director of Academic Services, was the final decision maker regarding Ms. Reiter's employment with TCA. Although Mr. Jolly sought input from others regarding issues raised by Ms. Reiter, no one else participated in the decision regarding Ms. Reiter's employment. Mr. Jolly communicated about the employment decision with the TCA President – Russ Sojourner; Director of HR – Marta Schulz (and ultimately Katryna Lays**

6

from HR was made aware as she sat in the meeting with Ms. Reiter discussing non-renewal); the retiring principal at North Elementary – Don Stump; and, the newly hired incoming principal at North Elementary – Jody Peterson. The four individuals listed were made aware of the decision, rationale for the nonrenewal, and process for notification of Ms. Reiter (which was a unique circumstance given there was an outgoing, retiring principal and incoming principal).

**Interrogatory No. 3.** For each person identified in response to Interrogatory No. 2 please identify any documents considered or relied upon by him/her or any other information relied upon by him/her in making a recommendation or reaching a decision to not renew Ms. Reiter's employment contract.

**RESPONSE**:  See Defendant's F.R.C.P. 26(a)(1) Disclosures and supplements thereto.

**Interrogatory No. 4.** Please identify the value of the salary and benefits that would have been paid to Ms. Reiter in each of the school years following the end of her employment through the present if she had remained employed in the same position she held for the 2017-2018 school year.

**RESPONSE**: **Defendant cannot provide a full response to this interrogatory as it is too speculative given that some aspects of compensation (e.g. bonuses) are discretionary in nature. With respect to base increases to her salary had she remained employed with TCA as an Assistant Principal at North Elementary, Ms. Reiter would have received a base increase of 1.8% for the 2018-2019 school year, and an increase of 2.2% for the 2019-2020.**

**There was no base salary increase authorized for the 2020-2021 school year. With respect to benefits, please see the attached spreadsheet bates labeled TCA 000205.**

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.** Please produce all documents relied on in any way in answering any interrogatory served in discovery in this matter.

**RESPONSE:** **Defendant objects to this request as it is unduly burdensome and is objectionable to the extent the phrase "relied on in any way" is vague and ambiguous. Defendant further objects to this request insofar as it seeks information protected by the attorney-client privilege and the work product doctrine. Without waiving any objections, all documents responsive to this request in Defendant's possession, custody, or control have been produced.**

**Request for Production No. 2.** Please produce Ms. Reiter's personnel file, in any form, including files concerning Ms. Reiter maintained by Human Resources, Academic Services, school administration, North Elementary school, or Ms. Reiter's supervisor(s) or manager(s) or their equivalent at TCA.

**RESPONSE:** **All documents responsive to this request in Defendant's possession, custody, or control have been produced.**

**Request for Production No. 3.** Please produce all documents relied upon by TCA in making the decision to not renew Ms. Reiter's contract.

8

**RESPONSE:** Defendant objects to this request because TCA did not have a contract with Ms. Reiter. Without waiving any objections, all documents responsive to this request in Defendant's possession, custody, or control have been produced.

**Request for Production No. 4.** Please produce all policies, procedures, standards of conduct, statutes, regulations, and other guidelines relevant to TCA's decision to not renew Ms. Reiter's contract.

**RESPONSE:** Defendant objects to this request as overly broad and burdensome and is objectionable to the extent the phrase "relevant" is vague and ambiguous. Defendant further objects to this request as unduly burdensome such that it requests Defendant to produce copies of all policies, procedures, standards of conduct, statutes, regulations and other guidelines equally available to Plaintiff. Defendant further objects to this request because TCA did not have a contract with Ms. Reiter. Without waiving any objections, all documents responsive to this request in Defendant's possession, custody, or control have been produced.

**Request for Production No. 5.** Please produce copies of any documents, including correspondence, email, or text messages, that mention or discuss in any way the renewal or nonrenewal of Ms. Reiter's contract.

**RESPONSE:** Defendant objects to this interrogatory as vague and ambiguous as to the term "discuss in any way," which is not defined, clarified or explained. Defendant further objects to this request insofar as it seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to this request because

9

**TCA did not have a contract with Ms. Reiter. Without waiving any objections, all documents responsive to this request in Defendant's possession, custody, or control have been produced.**

**Request for Production No. 6.** Please produce all documents containing any job or position description for the position held by Ms. Reiter, including the job or position description for Ms. Reiter's position that was in effect for the 2017-2018 school year.

<u>**RESPONSE**</u>**: Defendant objects to this request as overly broad and is not limited to only relevant timeframes. Without waiving any objections, see job description attached bates labeled TCA 000202 – TCA 000204.**

## VERIFICATION

I, **Wesley R. Jolly,** on behalf of The Classical Academy, hereby swear and affirm that the foregoing answers and responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

_____
Wesley R. Jolly, Director of Academic
Services, on behalf of The Classical Academy

STATE OF COLORADO        )
                         ) ss.
COUNTY OF __El Paso__    )

Subscribed and sworn to before me this __17th__ day of __September__ 2020.

My Commission expires: __May 10, 2023__

BRENDA CASTILLO
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20194017832
MY COMMISSION EXPIRES MAY 10, 2023

_____
Notary Public

(SEAL)

11

DATED this 18th day of September 2020.

                                              **AS TO FORM AND OBJECTIONS:**
                                              **OVERTURF McGATH**
                                              **& HULL, P.C.**

                                      By   */s/Lindsey W. Jay*
                                              Mark C. Overturf
                                              Lindsey W. Jay
                                              Scott A. Neckers
                                              Overturf McGath & Hull, P.C.
                                              625 East Sixteenth Avenue, Suite 100
                                              Denver, Colorado 80203
                                              Tel: (303)860-2848
                                              Fax: (303) 860-2869
                                              mco@omhlaw.com
                                              lwj@omhlaw.com
                                              san@omhlaw.com
                                              *Attorneys for Defendant The Classical Academy*

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on September 18, 2020, I electronically served the foregoing RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT via email to the following:

Ian D. Kalmanowitz
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903
Tel: (719) 475-1204
ikalmanowitz@cornishanddellolio.com
*Attorney for Plaintiff*

                                              */s/Jessica Pringle*

12